O’Neall, J.
delivered the opinion of the Court.
The first ground of appeal cannot be maintained. For although it is true, that if the grantor or lessor have no interest in the suit, he may be examined touching any fact in the case, yet here, the lessor was offered to prove his own title, so as to enable his tenant to recover on his own demise. This was in fact and in law to testify in his own case. He was therefore clearly incompetent.
The 2d ground presents no difficulty when explained. The record of the former recovery was received in evidence. The presiding Judge held, and I think very correctly, that it could have no effect on this suit. For if it were conceded that by it Kennedy was the owner of the locus in quo, still the plaintiff could not recover. For at the time of the demise to the plaintiff the defendant was in possession, and the plaintiff’s *101 lease 'Could not give him such a constructive possession of •land in the possession of another as would enable him to maintain trespass. This view of the case, sustained as it is by Amick v. Frazier, Dudley, 340, precluded the defence of title on which the plaintiff relied, and the verdict for the defendant, under the very proper instructions of the Judge below, was altogether right. The motion is dismissed.
Richardson, J. Evans, J. Wardlaw, J. Frost, J. and Withers, J. concurred.

Motion dismissed.